

# Missouri Court of Appeals
## Western District

OLGA SPARKS,                          )

                                  )    **WD85864**

             **Respondent,**   )

**v.**                              )    **OPINION FILED:**

                                    )

JOSEPH MICHAEL SPARKS,      )    **October 31, 2023**

                                    )

               **Appellant.**    )

                                    )

### Appeal from the Circuit Court of Clay County, Missouri
### The Honorable Alisha Diane O'Hara, Judge

### Before Division One:  Edward R. Ardini, Jr., Presiding Judge,
### Anthony Rex Gabbert, Judge, and Thomas N. Chapman, Judge

Joseph Sparks appeals the judgment of the Clay County Circuit Court denying his motion to set aside the April 25, 2022 Judgment and Decree of Dissolution.  He raises four points on appeal.  Due to numerous briefing deficiencies, the appeal is dismissed.

### Background

On April 25, 2022, the trial court entered judgment dissolving the marriage of Joseph Sparks ("Husband") and Olga Sparks ("Wife"), dividing the marital property and debt, granting joint physical custody of the four minor children to the parties with specified visitation to Husband, granting sole legal custody of the children to Wife,

ordering Husband to pay monthly child support and child support arrears, and ordering Husband to pay Wife's attorney fees. Neither party appealed the judgment.

On July 16, 2022, Husband filed a motion to set aside the April 25, 2022 dissolution judgment under Rule 74.06(b). He alleged that (1) the judgment was void because he did not receive formal written notice of the trial setting on April 25, 2022; (2) the judgment was irregular in that the trial court failed to appoint a guardian ad litem to protect the interests of the children; (3) the judgment was obtained by misconduct of an adverse party in that Wife failed to attach a family court certificate to her initial pleadings; and (4) the judgment was the result of mistake, inadvertence, surprise, or excusable neglect. Wife filed her suggestions in opposition to the motion to set aside. On August 30, 2022, the trial court denied Husband's motion to set aside by docket entry. On October 18, 2022, it entered its judgment denying the motion to set aside. This appeal by Husband followed.

On April 19, 2023, this court struck Husband's initial appellant's brief for violations of Rule 84.04. In the order striking the brief, the following deficiencies were specifically noted:

(1) the table of contents substantially lacks page references as required by Rule 84.04(a)(1);

(2) the Points Relied On II-IV are not in compliance with the requirements of Rule 84.04(d);

(3) the Point Relied on II and III do not include a list of cases or other authority upon which that party principally relies as required by Rule 84.04(d)(5); and

2

(4) the argument section lacks specific page references to the legal file or the transcript as required by Rule 84.04(e).[1]

This court granted Husband additional time to file an amended brief to correct the violations and explained that failure to comply with Rule 84.04 may result in dismissal of a point or the entire appeal.

On May 5, 2022, Husband filed an amended appellant's brief. In his amended brief, Husband partially revised the statement of facts. However, his table of contents, points relied on, and arguments were unchanged from his initial struck brief. All previously identified violations of Rule 84.04 remained.

On May 17, 2023, Wife filed her respondent's brief arguing, in part, that Husband's appeal should be dismissed because his amended brief failed to comply with the requirements of Rule 84.04 and failed to cure the issues for which his initial brief was struck. Later that same day, Husband filed a motion for leave to file a second amended brief to correct deficiencies in the first amended brief, specifically citations to authorities and page references in the Table of Contents, format and structure of Points Relied On and Arguments, and typographical and clerical errors.

---

[1] Additional review of Husband's struck brief shows that Point I set out in the Points Relied On section of the brief is not contained or argued in the Arguments section of the brief. Instead, the argument section contains a new and different Point I with an argument. Furthermore, Husband repeats Point II and its argument in their entirety again after Point IV and its argument at the end of the brief.

The next day, on May 18, 2023, Wife filed suggestions in opposition to Husband's motion to file a second amended brief and a motion to dismiss the appeal. She argued that the deficiencies that Husband sought leave to correct were the same deficiencies for which this court struck his initial brief and provided him an opportunity to correct with his amended brief. She further asserted that allowing Husband to file a second amended brief after she filed her timely respondent's brief would force her to incur more attorney fees to draft and file another respondent's brief in response to a new second amended brief.

On May 26, 2022, this court denied Husband's motion to file a second amended brief. Wife's motion to dismiss the appeal was taken with the case.[2]

## Appeal Dismissed

Rule 84.04 plainly sets out the requirements for the contents of an appellant's brief. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). "Rule 84.04's requirements are mandatory." *Id.* (internal quotes and citation omitted). An appellant who does not comply with Rule 84.04's mandates for a point relied on fails to preserve the argument for review. *State v. Minor*, 648 S.W.3d 721, 727 (Mo. banc 2022).

"The appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence 'implicitly condones continued violations and

---

[2] On June 21, 2022, the Missouri Supreme Court entered an order suspending Husband's attorney from the practice of law, and she subsequently withdrew as Husband's attorney in this appeal.

undermines the mandatory nature of the rules.'" *Id.* at 728-29 (quoting *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fischer, J. dissenting)). "Where a party has been warned of briefing deficiencies and persists in repeating the same errors, we should not 'act as an advocate for [the appellant] to overcome these problems.'" *J.H. v. A.B.*, 654 S.W.3d 130, 132 (Mo. App. W.D. 2022) (quoting *Lexow*, 643 S.W.3d at 509). "Dismissal is particularly appropriate where [an] appellant makes no effort to correct deficiencies in [his] amended brief, even after being put on notice of the errors." *Id.* (internal quotes and citation omitted).

Such is the case here. When Husband's initial appellant's brief was struck, the deficiencies of the brief were specifically identified, and he was given an opportunity to file an amended brief to correct them or risk dismissal. Husband filed an amended brief, but failed to rectify the deficiencies, making no changes to the table of contents, points relied on, and arguments. In his motion for leave to file second amended brief (after Wife already filed her respondent's brief), Husband acknowledged that his amended brief contained the same deficiencies to the table of contents, points relied on, and arguments and asked this court to allow him to correct those. Because Husband was warned of the deficiencies in his brief and did nothing to correct them, the appeal is dismissed for violations of Rule 84.04. *See J.H. v. A.B.*, 654 S.W.3d 130, 133 (Mo. App. W.D. 2022) (appeal was dismissed where an appellant was warned of deficiencies in his brief and he purposely chose not to correct them).

**Conclusion**

The appeal is dismissed.[3]

_Thomas N. Chapman, Judge_

All concur.

---

[3] The pending motion to dismiss is denied as moot.